Christopher Williams, ISB No. 9827
**KOOTENAI BANKRUPTCY**
8475 N Government Way, #101
Hayden, Idaho 83835
Ph: 208.719-0232
Chris@KootenaiBankruptcy.com

Attorney for Debtor

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF IDAHO**

| | |
|---|---|
| In re:<br><br>AMANDA RIEKENA<br><br>Debtor. | Case No. 26-20041-NGH<br><br>Chapter 7<br><br>AMENDED MOTION TO ENFORCE THE AUTOMATIC STAY AND FOR SANCTIONS |

COMES NOW, Debtor AMANDA RIEKENA (hereinafter "Debtor"), by and through their counsel Christopher S. Williams of Kootenai Bankruptcy, and pursuant to 11 U.S.C. § 362(k), Requests this Court enter an Order Enforcing the Automatic Stay, and assessing sanctions, actual damages, and punitive damages against ZACHARY TANNAR RIEKENA, KOURTNEY JONES, and BOLTON LAW, PLLC for their violations of the Automatic Stay entered herein.

IN SUPPORT HEREOF, Movant would respectfully show as follows:

**FACTS**

1. Movant filed a voluntary petition for bankruptcy relief on February 2, 2026 at approximately 4:13 PM PST [Doc. No. 1].

2. Debtor is married to Zachary Riekena (hereinafter "Zachary")[1].

[1] Some individuals are referred to by their first name in this Motion solely for purposes of brevity and are in no way intended as a sign of disrespect.

3. Debtor and Zachary are adverse parties in a divorce with minor children filed in the Kootenai County Magistrate Court, *Amanda Riekena v. Zachary Riekena*, Case No. CV28-24-8457. (hereinafter "Divorce Case")

4. The Divorce Case was filed on December 26, 2024, and is currently pending.

5. For a divorce decree to be entered in the Divorce Case, it is necessary for judgment to be made on the division of property and debt between Zachary and Debtor. The property that would be subject to division is property Debtor has an ownership interest in, and thus property that is subject to the automatic stay. The debt subject to division is pre-petition debt, and thus debt that is subject to the automatic stay.

6. Debtor is represented by attorney Safa Riadh in the Divorce Case (hereinafter "Riadh").

7. Zachary is represented by attorney Kourtney Jones (hereinafter "Jones").

8. The Honorable Mayli A. Walsh (hereinafter "Judge Walsh") is the Magistrate Judge presiding over the Divorce Case.

9. Jones is an attorney employed by Bolton Law, PLLC. Jones' representation of Zachary is through her employment at Bolton Law, PLLC.

10. Debtor's counsel, Christopher Williams, filed a Notice of Bankruptcy in the Divorce Case at 5:29 PST on February 2, 2026. The State Court's Efiling System sends notice of filings to all party attorneys via Email when a filing is made. Jones received service of the Notice of Bankruptcy Filing on February 2, 2026.

11. Prior to Debtors' bankruptcy filing on February 2, 2026, a hearing in the Divorce Case had been held regarding a Motion for Sanctions, in which Zachary by and through his attorney Jones and Bolton Law, PLLC requested the Court grant their motion for sanctions and requested a default judgment against Debtor as the remedy. Judge Walsh orally entered an Order of Sanctions against Debtor and indicated the sanction would be an Order of Default. No sanction order or order of default was signed that day.

12. Debtor subsequently filed her bankruptcy case on February 2, 2026 at approximately 4:13 PM PST.

13. See the attached Notice of Bankruptcy filed in the Divorce Case as Exhibit 1.

14. See the attached iCourt E-File email confirming the Notice of Bankruptcy Filing was filed on February 2, 2026 at 5:29 PST as Exhibit 2.

15. On February 3, 2026 at 12:23 AM PST, Zachary, through his attorney Kourtney Jones and Bolton Law, PLLC, filed a proposed Order of Entry of Default Judgment with the state court.

16. On February 3, 2026 at 12:23 AM PST, Zachary, through his attorney Kourtney Jones and Bolton Law, PLLC, filed a Proposed Order with the state court requesting partial Judgment and Decree of Divorce.

17. On February 3, 2026 at 12:23 AM PST, Zachary, through his attorney Kourtney Jones and Bolton Law, PLLC, filed a Proposed Order for Sanctions.

18. Those three orders were filed at 12:23 AM PST, that being twenty-three minutes after midnight, the morning after the Notice of Bankruptcy had been filed in the state court.

19. See the Notification of Service email forwarded by Riadh regarding the Proposed Order for Entry of Default Judgment attached as Exhibit 3.

20. See the Proposed Order of Entry of Default Judgment attached as Exhibit 4.

21. The Proposed Order of Entry of Default Judgment requests the Court sign an order stating "default is entered against . . . Amanda Riekena . . . as it relates to the property and debt division . . . and the Court shall consider the proposed Partial Judgment submitted for signature."

22. See the Notification of Service email forwarded by Riadh regarding the Proposed Order Requesting Partial Judgment and Decree of Divorce as Exhibit 5.

23. See the Proposed Order Requesting Partial Judgment and Decree of Divorce attached as Exhibit 6.

24. See the Proposed Order for Sanctions attached as Exhibit 10.

25. The Proposed Order for Sanctions states "ZACHARY T. RIEKENA, shall be awarded his attorney's fees and costs as it relates to the Motion for Sanctions. . . ."

26. See the Notification of Service email forwarded by Mr. Riadh regarding the Proposed Order for Sanctions as Exhibit 11.

27. Zachary, Jones, and Bolton Law, PLLC all had knowledge of Debtor's Chapter 7 bankruptcy filing when they filed those three proposed orders with the state court.

28. On February 3, 2026 at 10:42 AM PST, Jones emailed Judge Walsh's clerk stating "I realize this morning that there was a formal notice [of bankruptcy] filed herein at approximately 5:20 p.m. last night. However, in light of the Court's Oral ruling that predates the notice of bankruptcy, it is our hope that the Court will review the files for signature today." Referring to the Proposed order Of Sanctions, the Proposed Order of Default and the Proposed Order Requesting Partial Judgment and Decree of Divorce.

29. See the attached email from Jones as Exhibit 7.

30. Riadh responded to Jones' email to the state court voicing an objection on the grounds that the automatic stay prohibited those orders from being signed.

31. See the attached email from Jones as Exhibit 8.

32. Riadh then emailed Jones directly, explaining the law regarding the automatic stay clearly and concisely, and requesting Jones withdraw her request. Jones did not respond to Riadh's email and did not withdraw her request.

33. See the attached email as Exhibit 9.

34. Jones did not respond or otherwise acknowledge Mr. Riadh's protests.

35. The state court held a hearing on February 4, 2026 (hereinafter "February 4 Hearing") in which Jones followed up with Judge Walsh as to whether the Court had seen the three proposed orders. Judge Walsh indicated that she had signed the default order, but had questions regarding the real property division in the default judgment. Judge Walsh requested Jones to further brief the real property

division. Riadh objected to proceeding in that manner, stating that the automatic stay precluded the state court from moving forward on assets and debts. Jones further argued that the state court's oral decision went into effect before the filing of the bankruptcy and she would seek fees if there were any delay to the entry of the Order of Judgment and Decree of Divorce. Riadh requested relief from the briefing on assets and debt for the state court until the automatic stay is lifted.

36. In spite of Debtor's bankruptcy filing, Zachary, Jones, and Bolton Law, PLLC requested Judge Walsh enter the Order of Default, and the Judgment and Decree of Divorce at the February 4 Hearing stating "unsure if [Judge Walsh] saw the filings put in front for the judgment of default."

37. The Order of Sanctions; as proposed by Zachary, Jones, and Bolton, Law PLLC; was signed by Judge Walsh on February 3, 2026 at 2:28 PM. That Order was then filed by the Clerk of the Court on February 12, 2026.

38. See the attached Order for Sanctions attached as Exhibit 12.

39. Judge Walsh acknowledged the Notice of Bankruptcy filing had been filed with the Divorce Case during the February 4 Hearing.

40. At the February 4 Hearing, Judge Walsh indicated that they had signed the order for entry of default. No signed Order of Default has been filed in the state court's docket as of the date of this amended motion.

41. At the February 4 Hearing, Judge Walsh asked Debtor whether she had met with an attorney, or intended to file bankruptcy prior to the hearing scheduled on February 2, 2026.

42. At the February 4 Hearing, Jones requested the Court allow them to submit a brief regarding the automatic stay and its effect on the oral default. Riadh objected on the grounds that requiring briefing regarding property subject to the automatic stay would be a stay violation in itself.

43. As a result of Riadh's protests, the Court requested Riadh to brief as to whether the automatic stay prohibits the Court from entering an Order of Default, or the Judgment and Decree of

Divorce, and whether the filing of the bankruptcy violated the court's joint preliminary injunction.

**LAW**

11 USC §362 states the filing of a bankruptcy petition

operates as a stay, applicable to all entities of-

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title . . .

(3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate . . . .

(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title . . . .

A filing does not operate as a stay of the continuation of a proceeding "for the dissolution of marriage, except to the extent that such proceeding seeks to determine the division of property that is property of the estate." 11 USC § 362(b)(2). An action controlling, dividing or otherwise transferring property of the estate, or enforcing a debt against a debtor is *void ab initio*. *In re Schwartz*, 954 F.2d 569 (9th Cir. 1992).

"Under § 362([k]), an individual harmed by a willful automatic stay violation is entitled to collect compensatory damages (including attorneys' fees) and, where appropriate, punitive damages." *Knupfer v. Lindblade (In re Dyer)*, 322 F.3d 1178 (9th Cir. 2003). To prove willfulness, it is not necessary to prove a party intended to violate the law, only that the party knew of the bankruptcy, and intended the actions that violated the stay. *Id.* A creditor or an attorney has an affirmative duty to halt action that would violate the automatic stay. *Eskanos & Adler, P.C. v. Leetien*, 309 F.3d 1210 (9th Cir. 2002). Actual damages may include damages for emotional distress. *In re Dawson*, 390 F.3d 1139 (9th

Cir. 2004).

The Ninth Circuit has held law firms liable for the stay violations committed by its employees in the conduct of their work for the firm. *See Eskanos & Adler, PC v. Leetien*, 309 F.3d 1210 (9th Cir. 2002). Bolton Law, PLLC should be held equally liable for the stay violations of Jones.

In this case, Zachary, Jones, and Bolton Law, PLLC each had actual knowledge of Debtor's bankruptcy case no later than the morning of February 3, 2026. After Debtor filed her petition, and with knowledge of the bankruptcy case, they filed three proposed orders in an attempt to divide property and debts subject to the automatic stay. They then attended the February 4 Hearing and continued to press their position that the default order should be entered, and the proposed judgment should be entered. Both the default order and the proposed judgment being entered have significant implications regarding property that Debtor had an ownership interest in on the day of filing, and thus is property of the estate. Those orders also proposed to assess pre-petition debt against Debtor. The Proposed Partial Judgment & Decree of Divorce includes divisions of property, including a division and final judgment regarding separate property (§II), A division of Community Personal Property (§III), A division of community real property, including the marital home (§IV), an order directing both parties to sign documents and deliver titles to effectuate the other sections regarding division of property (§VII), and a division of retirement accounts (§X).

Similarly, the Proposed Partial Judgment & Decree of Divorce includes a division of debts, including an order to remove Petitioner from any debts or liabilities associated with the marital home (§IV.B), a division of debts (§V), an order to remove the other party from debts (§VI), and an order to execute documents to effectuate the other sections regarding division of debt (§VII).

The Proposed Partial Judgment & Decree of Divorce includes Section D.4, which purports that the division of property and debts shall remain under the jurisdiction of the state court.

The two proposed orders, and their significant ramifications regarding property and debt, are

both matters the automatic stay prohibits any activity over, and were filed knowingly and flagrantly in violation of the requirements of the bankruptcy code.

The Proposed Order for Sanctions purports to assign pre-petition attorney's fees against Debtor and in favor of Zachary.

Debtor has been damaged significantly by those violations. She has been required to hire Kootenai Bankruptcy, PLLC and Christopher Williams to enforce her rights under the automatic stay with this Motion. Debtor's underlying bankruptcy representation and flat fee do not include the costs associated with bringing a Motion for Sanctions. Debtor has incurred additional attorney's fees with Riadh while he is drafting briefing for the state court regarding whether those orders should be entered.

Debtor suffered significant embarrassment during the February 4 Hearing. The court room that day was full of other cases waiting to be heard. Debtor suffered Jones asserting that the property should be divided in spite of Debtor's bankruptcy case, and the concern and worry that debts would be assessed against her despite her bankruptcy filing. Jones' conduct at the February 4 Hearing went well beyond an attempt to get a default judgment entered and went well into harassment.

Regarding punitive damages, Debtor requests $10,000 each on three counts, and $15,000 each on the other three counts. This is a relatively high request, but the actions by the parties subject to this sanction motions were egregious. All six actions were taken after Debtor had sent notice of the bankruptcy case. During the February 4 Hearing, Riadh implored to Jones and Zachary that the bankruptcy court had jurisdiction over property and debts, and that no one in the courtroom had authorization to move forward with its distribution. In spite of notice and Mr. Riadh's requests, Jones and Zachary moved forward with requesting default and that Judgment be entered, and requested to brief the matter.

This is not a situation where wires got crossed and a document was filed without knowing the bankruptcy had been filed. This is not a situation where these parties violated the stay through inaction

alone. Jones, Zachary and Bolton Law, PLLC willfully violated the stay on at least five separate occasions, and will continue to violate the stay until this Court enters an order clarifying the requirements of the bankruptcy stay, and ordering those parties to comply with it. Additionally, Jones is an attorney, Bolton Law, PLLC is a law firm, and they should be held to a higher standard than an ordinary creditor. While an ordinary creditor may claim ignorance of the law to justify a lower award of punitive damages, Jones and Bolton Law, PLLC cannot.

Finally, imposing sanctions against Jones and Bolton Law, PLLC is necessary to ensure institutional compliance. Bolton Law, PLLC has an independent duty to implement procedures to verify bankruptcy filings before its attorneys take adverse actions against property or regarding debts subject to the automatic stay.

**COUNT 1**

Zachary, Jones, and Bolton Law, PLLC willfully violated the automatic stay under § 362 by filing a Proposed Order of Default in the Divorce Case on February 3, 2026.

**COUNT 2**

Zachary, Jones and Bolton Law, PLLC willfully violated the automatic stay under § 362 by filing a Proposed Judgment and Decree of Divorce on February 3, 2026.

**COUNT 3**

Zachary, Jones, and BOLTON LAW, PLLC willfully violated the automatic stay under § 362 by filing the Proposed Order for Sanctions on February 3, 2026.

**COUNT 4**

Zachary, Jones, and Bolton Law, PLLC willfully violated the automatic stay under § 362 by pressing their position that the divorce decree should be entered during the February 4 Hearing.

**COUNT 5**

Zachary, Jones, and Bolton Law, PLLC willfully violated the automatic stay under § 362 by pressing

their position that the Proposed Judgment and Decree of Divorce should be signed and entered in their email to the state court's clerk on February 3, 2026.

**COUNT 6**

Zachary, Jones, and Bolton Law, PLLC willfully violated the automatic stay under § 362 by threatening Debtor with fees if the signing of the judgment is delayed at the February 4 Hearing.

WHEREFORE: Debtor requests as follows:

1) This Court enter an Order confirming the automatic stay is in place and applies against any action taken to attempt to control or otherwise distribute property of the estate, including a default order in the Divorce case or a Judgment and divorce decree that would distribute property of the estate; that any orders entered after Debtor's bankruptcy case was filed regarding property of the estate or pre-petition debts against Debtor in the Divorce Case are *void ab initio*; directing Zachary, Jones, and Bolton Law, PLLC to withdraw the Proposed Order Granting Default, and the Proposed Order of Judgment and Decree of Divorce; and directing Zachary, Jones, and Bolton Law, PLLC to take the action necessary in the Divorce Case to stop any proposed action regarding distribution of property of the estate or assessment of pre-petition debt against Debtor, including continued briefing regarding that subject matter.
2) That an Order be entered declaring the Order for Sanctions dated February 3, 2026 and disclosed as Exhibit 12 be declared *void ab initio*.
3) That the clerk of this court serve a certified copy of the Order as described above upon the First Judicial District of the State of Idaho, Kootenai County.
4) Find that the filing of the Proposed Order of Sanctions, the Proposed Order Granting Default, and the Proposed Order of Judgment and Decree of Divorce; the email to the state court's clerk; threatening Debtor with additional fees; and the effort to have those two orders entered at the February 4 Hearing constitute six separate, willful violations of the automatic stay by Zachary,

Jones, and Bolton Law, PLLC.

5) Award actual damages against Zachary, Jones, and Bolton Law, PLLC jointly and severally, including attorney's fees incurred by Christopher Williams and Kootenai Bankruptcy in filing this Motion and attorney's fees incurred by attorney Safa Riadh in the Divorce Case in defending against the stay violations as described above.

6) Award actual damages in the form of emotional damages against Zachary, Jones, and Bolton Law, PLLC jointly and severally for $10,000.

7) Award punitive damages against Zachary, Jones, and Bolton Law, PLLC jointly and severally as follows:

   a) $10,000 for COUNT 1, the filing of the Proposed Order Granting Default.

   b) $10,000 for COUNT 2, the filing of the Proposed Order Granting Judgment and Decree of Divorce.

   c) $10,000 for COUNT 3, the filing of the Proposed Order Granting Sanctions.

   d) $15,000 for COUNT 4, pressing their claim that the Judgment and Decree of Divorce should be entered at the February 4 hearing.

   e) $15,000 for COUNT 5, emailing the state court's clerk requesting the court sign the documents they had submitted, that being the Proposed Order Granting Default, the Proposed Order Granting Judgment and Decree of Divorce, and the Order Granting Sanctions.

   f) $15,000 for COUNT 6, threatening Debtor with fees for delay at the February 4 Hearing.

8) Require Bolton Law, PLLC and its owners to draft an office policy regarding steps its attorneys and employees must take when they learn that a party to one of their cases has filed for relief under the bankruptcy code, and that the policy be filed with this Court within 90 days of its order.

9) Require the owners of Bolton Law, PLLC and Kourtney Jones to each complete four hours of CLEs focused on bankruptcy and file a certificate of completion in this Court within twelve months after this Court's Judgment.

10) Award such other and further relief as this Court deems just and proper.

DATED: February 27, 2026

KOOTENAI BANKRUPTCY

/s/ Christopher Williams________________
Christopher Williams, Attorney for Debtor

**CERTIFICATE OF SERVICE**

I CERTIFY that on February 27, 2026, I filed the AMENDED MOTION TO ENFORCE THE AUTOMATIC STAY AND FOR SANCTIONS and EXHIBITS 1–12 causing the following CM/ECF registered participants to be served by electronic means, as more fully reflected on the Notice of Electronic Filing

| | |
|---|---|
| US Trustee | ustp.region18.bs.ecf@usdoj.gov |
| Chapter 7 Trustee, Tim Kurtz | trk@kurtztrustee.com |
| Tecla Druffel, counsel for Kourtney Jones | tecla@tec-law.net |
| Jeff Andrews, counsel for Zachary Riekena | jeffandrewslaw@yahoo.com |
| Steve Taggert, counsel for Bolton Law, PLLC | staggart@olsentaggart.com |

DATED: February 27, 2026

KOOTENAI BANKRUPTCY

/s/ Christopher Williams_______________
Christopher Williams, Attorney for Debtor