# EXHIBIT 6

**Kourtney L. Jones, ISBN: 12134**
**BOLTON LAW, PLLC**
111 N. 7th St. #3386
Coeur d'Alene, ID 81816
Telephone: (208) 306-3360
Facsimile: (208) 519-3974
reception@kjboltonlaw.com

**Attorney for Respondent**

IN THE DISTRICT COURT OF THE FIRST JUDICIAL DISTRICT OF THE

STATE OF IDAHO, IN AND FOR THE COUNTY OF KOOTENAI

| | |
|---|---|
| AMANDA MARIE RIEKENA,<br><br>Petitioner,<br><br>vs.<br><br>ZACHARY TANNAR RIEKANA,<br><br>Respondent. | CASE NO. CV28-24-8457<br><br>**PARTIAL JUDGMENT & DECREE OF DIVORCE** |

**JUDGMENT IS HEREBY ENTERED AS FOLLOWS:**

**I.** **Divorce.** Petitioner, AMANDA MARIE RIEKENA, and Respondent, ZACHARY TANNAR RIEKENA, are granted a Judgment and Decree of Divorce upon the grounds of Irreconcilable Differences, pursuant to Idaho Code §§32-603(8), 32-616.

**II.** **Separate Property.** Each party possesses personal property which is separate in nature by acquisition before marriage, or afterward by either gift or inheritance pursuant to Idaho Code §32-903. The parties' separate personal and real property shall be reaffirmed to them as their sole and separate property free from any claim by the other party.

**III. Community Personal Property.**

**A.** The parties have acquired community personal property during the pendency of the marriage. The said personal property shall be allocated to the parties in a fair and equitable manner as outlined in the Inventory of Property attached hereto and incorporated herein as **Exhibit 1**, and pursuant to Idaho Code §32-712. Upon division, said property shall be deemed the sole and separate property of the party to whom it is awarded free from any claim by the other party.

**B.** Any property not listed on the Inventory of Property upon the entry of the Judgment and Decree of Divorce or otherwise agreed to shall become the sole and separate property of the party who has possession of said property, and it shall remain free from any claim by the other party.

**IV. Community Real Property.** The parties acquired certain community real property and associated land located at: 2354 W. Evening Star Rd., Post Falls, ID in Kootenai County (hereinafter "Marital Home") during their marriage.

**A.** The Marital Home shall be awarded to Respondent as his sole and separate property. Petitioner shall be required to sign a quitclaim deed within ninety (90) days after the entry of this Partial Judgment and Decree of Divorce.

**B.** Respondent is not aware of any debts associated with the marital home that remain in joint name. However, if necessary, Respondent shall remove Petitioner's name from all associated debts, liens, and/or liabilities associated with the Marital home within ninety (90) days of the entry of this Partial Judgment and Decree of Divorce.

**C.** The Respondent shall pay all expenses associated with maintaining said real property, on or before the date the indebtedness of the community real property becomes due, including but not limited to:

1. The monthly mortgage payment.
2. Home insurance.
3. Utilities.
4. Maintenance and upkeep.

**D.** The Respondent shall not do anything to damage or devalue the Marital Home in any way pending sale or refinance, as otherwise required.

**E.** This Court shall retain jurisdiction over the Marital Home and associated land until the foregoing is fully and completely accomplished in accordance with the terms and provisions of this Judgment and Decree of Divorce.

**V. Debts.**

**A.** The parties have incurred certain indebtedness during their marriage, and the same shall be equitably divided between them as set forth in the Schedule of Debts attached hereto and incorporated herein as **Exhibit 2**. Said debts shall henceforth be deemed the sole and separate debt of the party to whom it is awarded.

**B.** Except as outlined in the Schedule of Debts, any debt in a party's name, and any debt associated with any kept property by said party, and/or not disclosed at the time of entry of this Partial Judgment and Decree of Divorce, shall be considered the sole and separate debt of that party. Said party shall timely pay

said debts as they become due and indemnify and hold harmless the other party.

**C.** Each party is ordered to pay any debt which they incurred from and after the date of separation and indemnify and hold harmless the other therefrom.

**D.** The parties shall hold each other harmless for the debts apportioned herein, and each should indemnify the other against any lawsuit, judgment, award and /or action which may be brought on any such debt for any reason. Indemnification shall include payment of, or reimbursement for, attorney's fees, costs, and/or judgments rendered in any such action.

**E.** This Court shall retain jurisdiction over the division and allocation of the community debts until such is fully and completely accomplished in accordance with the terms and provisions of this Judgment and Decree of Divorce.

**VI.** **Present Financial Obligations.** Neither party shall be permitted to use the community's joint credit cards and/or incur loans following the entry of a judgment herein, unless the parties mutually agree otherwise. Both parties shall be required to remove the other party's name from said joint obligations within no less than ninety days after the entry of this Judgment and provide proof to the other party that their name has been removed from said financial responsibility for said debts/loans. Until the other party's name is removed, each party shall timely pay the monthly minimum payment owing to the debt until the other party's name has been removed from the financial responsibility of the debt.

**VII. Titles, Endorsements, and Similar Documents.** Each party shall be ordered to sign, execute, and deliver any titles, endorsements, or similar documents necessary to affect the separate and personal property disposition and debt allocation contemplated herein no later than thirty days after the entry of this Judgment and Decree of Divorce herein.

**VIII. Revocation of Beneficiary Designations and Life Insurance Policies.** Upon the entry of this Judgment and Decree of Divorce, both parties shall be allowed to revoke the present beneficiary and select one according to their wishes. Prior to the entry of this Judgment and Decree of Divorce, both parties shall be disallowed from closing any life insurance policy(ies), taking a loan from the same, and/or cashing out any portion of the value of an existing insurance policy.

**IX. Revocation of Wills, Power of Attorney, and Other Instruments.** All previous wills, power of attorney agreements, contract and community property agreements between the parties shall be revoked upon the entry of this Judgment and Decree of Divorce in this matter. Further, upon the entry of this Judgment and Decree of Divorce, both parties shall be allowed to revoke the present beneficiary and select one according to their wishes.

**X. Retirement Accounts.**

**A.** The Respondent has two retirement accounts (#5 and #6 on **Exhibit 1**.)

**B.** The National Electrical Benefit Plan (#5) was started prior to marriage, with separate property value of $24,304.37. The current value is $48, 080.68, therefore the community property value of $23, 776.31 shall be divided

equally through a Qualified Domestic Relations Order (QDRO/DRO) and/or any other necessary legal instrument(s) required.

**C.** The Vanguard 401(k) that is entirely community property and the community value of $85, 453.32. Respondent shall be awarded 55% of the retirement and Petitioner shall be awarded 45% through a QDRO/DRO and/or any other necessary legal instrument(s) required.

**D.** The following shall apply to the division:

1. All necessary QDROs/DROs, or similar instruments, shall be prepared by Peter Svennungsen of Svennungsen Law Office, PLLC, 905 W. Riverside Ave., Spokane, WA 99201, (509)-822-2265, the plan administrator, or other qualified QDRO/DRO attorney.
2. The parties shall equally share the costs (i.e., 50/50) to retain Mr. Svennungsen, or other qualified QDRO/DRO attorney to prepare said QDROs/DROs, or the like, and pay them pursuant to their payment and policy practices for the costs associated with said QDROs/DROs.
3. Within 60 days of the entry of this Judgment and Decree of Divorce, the parties shall be ordered to contact Mr. Svennungsen, or other qualified counsel, and provide him and/or his firm with all their necessary information (e.g., full legal name, address, telephone number, place of employment, birth dates, social security numbers, name of retirement plan(s), account numbers, name of plan administrator, contact information for the requisite plan administrators, etc.), and/or any other information and/or documentation Mr. Svennungsen, or other qualified

counsel, may need to complete the QDRO/DRO, or necessary retirement instrument, and both parties shall be ordered to follow any of his directives to complete the process.

4. This Court shall retain jurisdiction over the division of the retirement accounts until they are completely apportioned as contemplated herein.

Dated:

____________________________
Honorable Mayli Walsh
Magistrate Judge

**CLERK'S CERTIFICATE OF SERVICE**

I hereby certify that on this date, I caused to be served a true and correct copy of the foregoing by the method indicated below, and addressed to the following:

Safa M Riadh
VALIANT LAW
924 Sherman Ave.
Coeur d'Alene, ID 83814
Servevaliant law@gmail.com

☐ I-COURT E-SERVICE

Kourtney L. Jones
BOLTON LAW, PLLC
111 N. 7th St., #3386
Coeur d'Alene, ID 83816
reception@kjboltonlaw.com

☐ I-COURT E-SERVICE

Dated: .

JENNIFER LOCKE
CLERK OF THE DISTRICT COURT

DEPUTY CLERK

Exhibit 1

# INVENTORY OF PROPERTY

Riekena v. Riekena

Case No. CV28-24-8457

| ITEM NO. | PROPERTY ITEM | DATE ACQUIRED | SPH/SPW OR CP | | REASON SEPARATE | CURRENT OWING | PETITIONER'S VALUE | RESPONDENT'S VALUE | AWARD SOUGHT | | FOR COURT USE |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | Pet. | Resp. | | | | | PET. / | RESP. | |
| **FINANCIAL INSTITUTION ACCOUNTS: Cash and Deposit Accounts, Savings, Checking, Credit Union, Money Market, Etc.** ****Include financial institution's name, branch, and last four numbers of account number.*** | | | | | | | | | | | |
| 1. | Acct. 5647 STCU | 12/10/2024 | | CP | | N/A | | $167.87 | | X | |
| 2. | Acct. 0040 P1FCU | 04/2016 | | CP | | N/A | | $35.71 | | X | |
| 3. | Acct. 0315. USAA (Pet. Ckg.) | | | CP | | N/A | | Unknown | X | | |
| 4. | Acct. 0307 USSA (Pet. Svg.) | | | CP | | N/A | | Unknown | X | | |
| **RETIREMENT PLANS: IRA, Sep IRA, Pension Plan, Profit Sharing, 401(k), Deferred Compensation, Etc.** | | | | | | | | | | | |
| 5. | National Electrical Benefit Plan | 07/2016 | | Part SPH/ CP | Separate Property Value: $24,304.37 | N/A | | $48,080.68 | 1/2 | 1/2 | |
| 6. | Vanguard 401(k) | 2022 | | CP | | N/A | | $85,453.32 | 45% | 55% | |
| **REAL PROPERTY** | | | | | | | | | | | |
| 7. | 2354 W. Evening Star Rd. | 05/2021 | | CP | $150,000.00(GIFT)<br>$114123.11 (SPH) | **$573,503.42 (Total)**<br>$388,134.23 (Citizens Mortgage)<br>$185,369.19 (STCU HELOC) | | $708,000 | | X | |
| **VEHICLE; CARS, MOTORCYCLES, MOTOR HOMES, BOATS, TRAILERS, ATV'S, SNOWMOBLIES, Etc.** ***Include Make, Model, Year and Miles.** | | | | | | | | | | | |

Exhibit 1

**INVENTORY OF PROPERTY**

Riekena v. Riekena

Case No. CV28-24-8457

| ITEM NO. | PROPERTY ITEM | DATE ACQUIRED | SPH/SPW OR CP Pet. | Resp. | REASON SEPARATE | CURRENT OWING | PETITIONER'S VALUE | RESPONDENT'S VALUE | AWARD SOUGHT PET. | / RESP. | FOR COURT USE |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 8. | 2003 Ram 2500, 440,000 miles | BM | | SPH | OBM | N/A | $10,000 | - | | X | |
| 9. | 2004 Honda Accord, 240,000 miles | During Marriage | | CP | | | $2,000 | $800 | | X | |
| 10. | 2018 Jeep Grand Cherokee, 100,000 miles | During Marriage | | CP | | | $18,000 | $25,000 | X | | |
| 11. | Dodge (Silver) | 2023 | CP | N/A | Brother's Property | N/A | - | - | - | - | |
| 12. | 2012 Malibu Wake Boat | During Marriage | CP | CP | Sold- December 1, 2024, for $10,000 b/c blown engine. | N/A | $50,000 | $10,000 | | X | |
| 13. | Toyota 4Runner | 2009 | | SPH | OBM | | | - | | X | |
| **PERSONAL PROPERTY OVER $100.00 IN VALUE: Household Goods, Personal Effects, Antiques, Etc.** | | | | | | | | | | | |
| 14. | Petitioner's Household Items | During Marriage | CP | CP | | | | $25,000.00 | X | | |
| 15. | Respondent's Household Items | | | CP | | | $15,000 | $5,000.00 | | X | |
| 16. | Personal property in Petitioner's Possession/Control | | | SPW | | | | - | X | | |
| 17. | Personal property in Respondent's Possession/Control | | | SPH | | | | - | | X | |
| 18. | Car Lift | 2024 | | N/A | Borrowing from Jordan (friend) | | $3,000 | N/A | | X | |
| 19. | Tools | | | SPH | Gift from Father | | | - | | X | |

Exhibit 1

**INVENTORY OF PROPERTY**

Riekena v. Riekena

Case No. CV28-24-8457

| ITEM NO. | PROPERTY ITEM | DATE ACQUIRED | SPH/SPW OR CP Pet. | Resp. | REASON SEPARATE | CURRENT OWING | PETITIONER'S VALUE | RESPONDENT'S VALUE | AWARD SOUGHT PET. | / RESP. | FOR COURT USE |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 20. | 4 Wheeler (x2)<br>(1) Children's- In Pet's possession<br>(2)Resp. Mother's | 2024 | (2) SPW | N/A & CP | (1) 4-Pet. for children to use.<br>(1) owned by Resp's Mother | | $6,000 | $2,000<br>(4 wheeler in Pet's possession) | X | | |
| 21. | Children's items at Pet. Home | | | CP | | | $5,000 | $1,500 | X | | |
| 22. | Children's items at Resp. Home | | | CP | | | | $500 | | X | |
| 23. | Washer/Dryer/Refrigerator | 2024 | SPW | CP | Pet: Fundraiser Money | N/A | | $1,500.00 | | X | |
| 24. | Petitioner's Books | During Marriage | | CP | | | | $15,000.00 | X | | |

Exhibit 2

# SCHEDULE OF DEBTS

Riekena v. Riekena
Case No. CV28-24-8457

| ITEM NO. | NAME OF CREDITOR | DATE INCURRED | COLLATERAL | AMOUNT OWING (WHAT DATE?) | MONTHLY PAYMENT | WHO SHOULD PAY PETITIONER Pet. Resp. | WHO SHOULD PAY RESPONDENT Pet. Resp. | FOR COURT USE |
|---|---|---|---|---|---|---|---|---|
| 1. | Citizens | 05/2021 | 2354 W. Evening Star Rd. | $391,521.45 08/08/25 | $2,502.79 | | X | |
| 2. | Spokane Teachers Credit Union | 10/02/2024 | 2354 W. Evening Star Rd. | $186,921.59 07/27/25 | $1,398.55 | | X | |
| 3. | Capital One | | N/A | $1,427.47 07/28/25 | $25.00 minimum | | X | |
| 4. | USAA | | | Unknown | | X | | |
| 5. | Barclays | | | $2,387.21 | | X | | |
| 6. | Reimbursement Claim: Extraordinary Spending December 2024- January 2024 | | | $5,760.52 (12/2024) $12,318.15 (01/2025) | | X | | |