# EXHIBIT 9

**Safa Riadh**

| | |
|---|---|
| **From:** | Safa Riadh |
| **Sent:** | Tuesday, February 3, 2026 11:12 AM |
| **To:** | 'Kourtney Jones' |
| **Cc:** | Judy Parmer; Alicia Taing |
| **Subject:** | RE: CV28-24-8457, Riekena v. Riekena |

Kourtney,

I took Ms. Butler off this email. The filing of a Chapter 7 petition triggered the automatic stay under 11 U.S.C. § 362, which limits the state court's authority to proceed with respect to property and debt division. The Bankruptcy Code expressly distinguishes between dissolution of marital status and the division of marital property. While § 362(b)(2)(A)(iv) permits a state court to proceed with dissolution of the marriage itself, it does **not** permit proceedings "to the extent [they] seek[] to determine the division of property that is property of the estate." 11 U.S.C. § 362(b)(2)(A)(iv). Courts consistently hold that marital status is severable from economic rights, and that the automatic stay protects estate property—not the parties' marital relationship. *In re Nalley*, 507 B.R. 411 (Bankr. D. Idaho 2014); *In re Holland*, 562 B.R. 305 (Bankr. D. Idaho 2016); *In re Johnson*, 655 B.R. 83 (Bankr. D. Idaho 2023).

Here, although the state court orally entered a default as to asset and debt allocation prior to the bankruptcy filing, no written order or judgment was signed or entered before the petition date. Once the bankruptcy was filed, the automatic stay prohibited any further judicial action to divide marital property that constitutes property of the estate. See 11 U.S.C. § 362(a).

Courts applying Ninth Circuit precedent have repeatedly held that post-petition judicial acts taken in violation of the automatic stay—particularly orders dividing marital property—are **void ab initio**, not merely voidable. *In re Herter*, 456 B.R. 455 (Bankr. D. Idaho 2011); *In re Vazquez*, 606 B.R. 432 (Bankr. D. Ariz. 2019); *In re Kallabat*, 482 B.R. 563 (Bankr. N.D. Ill. 2012). As one court explained, a divorce decree entered post-petition without relief from stay "was void and ineffective to transfer property from the debtor's bankruptcy estate." *In re Vazquez*, 606 B.R. at 437.

While some courts recognize that purely ministerial acts may proceed post-petition, that doctrine applies only where the underlying ruling itself did not violate the stay. *In re Golan*, 600 B.R. 697 (Bankr. E.D.N.Y. 2019). Where, as here, the order would allocate estate property, signing or entering a default judgment post-petition constitutes an impermissible exercise of control over property of the estate in violation of § 362(a).

Accordingly, absent relief from the automatic stay under 11 U.S.C. § 362(d), the state court lacks authority to sign or enter any default order dividing assets and debts without stay relief. Please let me know if you disagree with this analysis or believe a specific statutory exception applies.

I am also asking that you email Ms. Butler back and withdraw your request. We can brief and argue this, but I do not think it is appropriate. Thank you.

Safa Michael Riadh
Attorney at Law