Steven L. Taggart, Esq., ISB No. 8551
OLSEN TAGGART PLLC
P. O. Box 3005
Idaho Falls, ID 83403
Telephone: (208) 552-6442
Facsimile: (208) 524-6095
Email: staggart@olsentaggart.com

*Attorney for Bolton Law, PLLC*

Tecla Druffel, ISB 8725
TEC LAW, PLLC
P.O. Box 323
Lewiston, ID 83501
Telephone: (208) 743-9569
Fax: (888) 877-4307
Email: tecla@tec-law.net

*Attorney for Kourtney Jones*

JEFF ANDREWS, P.C.
Jeffrey H. Andrews, ISB 4935
8884 N. Government Way Suite "C"
P.O. Box 2246
Hayden, ID 83835
Telephone: (208) 762-5554
Fax: (208) 762-5551
jeffandrewslaw@yahoo.com

*Attorney for Zachary Tannar Riekena*

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| In Re:<br><br>RIEKENA, AMANDA MARIE<br><br>Debtor. | Case No. 26-20041-BRW<br><br>Chapter 7<br><br>**RESPONDENTS' OBJECTION TO AMENDED MOTION TO ENFORCE THE AUTOMATIC STAY AND FOR SANCTIONS** |

Respondents Zachary Tannar Riekena, Kourtney Jones, and Bolton Law, PLLC (collectively, the "Respondents"), by and through their respective counsel, hereby submit this objection to the Debtor's Amended Motion to Enforce the Automatic Stay and for Sanctions (the "Amended Motion"), ECF 37.

For the reasons set forth below, the Amended Motion should be denied.

## I. INTRODUCTION

The Amended Motion attempts to convert a routine procedural dispute arising at the intersection of a domestic relations proceeding and a same-day bankruptcy filing into a claim for substantial sanctions under 11 U.S.C. § 362(k). The record does not support that characterization.

Prior to the filing of the bankruptcy petition, the state court conducted a hearing and issued an oral ruling from the bench sanctioning the Debtor and granting default in the underlying divorce proceeding. The bankruptcy petition was filed later that same day. After the bankruptcy filing was brought to the state court's attention, the court indicated that it required additional information regarding the parties' real property before entering any further judgment. No divorce decree dividing property was entered. No property was transferred. No enforcement activity occurred.

The Amended Motion nevertheless attempts to characterize routine litigation conduct—including the submission of proposed orders reflecting the court's prior ruling and participation in a hearing addressing the bankruptcy filing—as multiple willful violations of the automatic stay.

Both Idaho law and Ninth Circuit precedent undermine that characterization. Under Idaho law, a court's oral ruling is operative when pronounced. *Katseanes v. Katseanes*, 171 Idaho 478, 485, 522 P.3d 1236, 1244 (2023). Under Ninth Circuit authority, ministerial acts implementing a previously rendered judicial decision do not constitute continuation of a proceeding in violation of the automatic stay. *McCarthy, Johnson & Miller v. North Bay Plumbing, Inc. (In re Pettit)*, 217 F.3d 1072, 1080 (9th Cir. 2000).

At most, this case presents a legal dispute concerning the effect of a bankruptcy filing on a state court's previously issued oral ruling. Such disputes are resolved through legal argument and judicial clarification—not punitive sanctions.

## II. RELEVANT FACTUAL BACKGROUND

1. The parties' divorce proceeding was filed on December 26, 2024, prior to the filing of the Debtor's bankruptcy case on February 2, 2026.

2. On February 2, 2026, the parties appeared before Idaho Magistrate Judge Walsh for a hearing regarding sanctions against Debtor for failure to comply with discovery

requirements. At that hearing, the court orally ruled from the bench sanctioning the Debtor and granting default on all provisions relating to the division of property. Here is the relevant portion of the hearing transcript:

> THE COURT:
>
> . . .
>
> The rule requires the exchange of that information, that we don't have that, and so left with this situation where we just don't have this information. There's no end in sight to this problem, and this is brought as a motion for sanctions after we've had a motion to compel.
>
> And so given those circumstances, would grant the motion for sanctions, would enter default. I am always loathe to enter default as a sanction, because, again, trial is meant for that adversary process where we challenge information, challenge evidence. But with relation to the financial situation, would enter default with respect to the financials, the parties' financials, so debt, property, tax.
>
> . . .
>
> THE COURT: So default would be granted on paragraphs beginning 18, 19, 20, 21, 22, 23, 24, 25, and 26. And again, as I indicated, I think 24, 25, and 26, and 23, I think that that would just simply not be disputed. That relates to indemnification, revocation of beneficiary, so would enter default on that as well. Twenty-seven, which relates to retirement accounts, and that will be subject to the default. If you'll prepare the order and the default, Ms. Jones.

MS. JONES: Yes.

Transcript of Proceedings (attached as Exhibit "A"), Case No. CV28-24-8457, pg. 23, ll. 25 – p. 24, ll. 13; p. 26, ll. 15-24.

3. Later that same day, February 2, 2026, the Debtor filed a chapter 7 bankruptcy petition. ECF 1.

4. The next day proposed orders were submitted in the divorce proceeding reflecting the court's ruling. Amended Motion, pg. 3, ¶¶ 15-17.

5. On February 4, 2026, Magistrate Walsh held a hearing where she indicated she had entered the Order of Default as a sanction but had questions on the property division component she had granted on February 2, 2026.

6. Magistrate Walsh also did enter the Order of Sanctions. Amended Motion, pgs. 4-5, ¶¶ 35, 37 & Exhibit 12.

## III. APPLICABLE LEGAL STANDARDS

The filing of a bankruptcy petition operates as an automatic stay of certain acts against the debtor and property of the estate. 11 U.S.C. § 362(a).

An individual debtor may seek damages for a willful violation of the automatic stay under § 362(k). The statute provides that an individual injured by a willful violation may recover actual damages, including costs and attorneys' fees, and, "in appropriate circumstances," punitive damages. 11 U.S.C. § 362(k)(1).

Property of the estate is determined by reference to the debtor's interests under applicable state law. *Butner v. United States*, 440 U.S. 48, 55 (1979). The bankruptcy estate includes only those legal and equitable interests the debtor possessed at the time of filing. 11 U.S.C. § 541(a).

Bankruptcy courts also possess broad authority under § 362(d) to grant relief from the stay, including retroactive annulment of the stay where equitable considerations warrant such relief. *Schwartz v. United States (In re Schwartz)*, 954 F.2d 569, 573 (9th Cir. 1992).

## IV. ARGUMENT

### A. The State Court's Oral Ruling Was Effective Prepetition Under Controlling Idaho Law

The Amended Motion assumes that the legal consequences of the state court's decision arose only upon entry of a written order. Idaho law provides otherwise.

In *Katseanes v. Katseanes*, the Idaho Supreme Court held that "a court's oral order is complete when it is pronounced." 171 Idaho at 485. The court explained that once a ruling is announced from the bench, it constitutes the operative judicial decision between the parties even if the written order memorializing that ruling is entered later. Id.

The circumstances in *Katseanes* closely parallel those presented here. There, the district court orally granted relief related to marital property, and the written order was entered later. *Id*. The Idaho Supreme Court confirmed that the operative judicial decision occurred when the ruling was pronounced. *Id*. Of note, both *Katseanes* and this case deal with interlocutory orders. *Katseanes*, 171 Idaho at 484 and Amended Motion, pgs. 4-5, ¶¶ 35, 37 & Exhibit 12.

The same principle applies here. The state court issued its ruling from the bench prior to the bankruptcy filing. Under Idaho law, that ruling was complete when pronounced. The later submission of written orders merely reflected the court's previously issued decision, which was already effective.

Debtor has attempted previously to argue that the orders entered were governed under I.R.F.L.P. 802(d) which deals with effective dates of certain kinds of judgments. As noted, above, at issue are an Order of Default and Order of Sanctions. Neither are judgments and thus are not covered by that rule.

### B. Postpetition Filings Reflecting the Court's Prepetition Ruling Were Allowable Ministerial Acts

Even if the Court examines the postpetition events independently, Ninth Circuit authority confirms that ministerial acts implementing a prior judicial ruling do not violate the automatic stay.

In *McCarthy, Johnson & Miller v. North Bay Plumbing, Inc. (In re Pettit)*, the Ninth Circuit adopted the ministerial-act exception to the automatic stay. 217 F.3d at 1080. The court held that

once a judicial decision has been rendered, later nondiscretionary acts implementing that decision do not constitute continuation of the proceeding. *Id*.

In *Pettit*, the court had already ordered funds to be released before the bankruptcy petition was filed. *Id*. The clerk's later issuance of the check after the bankruptcy filing was deemed a ministerial act implementing the court's prior decision. *Id*.

Similarly here, the state court had already issued its ruling from the bench prior to the bankruptcy filing. Any subsequent filings reflecting that ruling were steps taken to memorialize or implement the court's prior decision rather than any new adjudications of property rights.

**C. The Sanctions and Default Order Falls Within the Domestic Relations Exceptions to the Automatic Stay**

The Bankruptcy Code expressly preserves significant authority for state courts to continue domestic relations proceedings notwithstanding the filing of a bankruptcy petition.

Section 362(b)(2) provides several exceptions to the automatic stay for matters arising in domestic relations cases. These provisions reflect Congress's intent that bankruptcy courts should avoid unnecessary interference with state domestic relations proceedings.

Courts recognize that the automatic stay does not prevent courts from enforcing their own orders or addressing litigation misconduct occurring within the proceeding itself. See *Yellow Express, LLC v. Dingley (In re Dingley)*, 514 B.R. 591, 596–97 (9th Cir. BAP 2014) (holding that contempt proceedings based on discovery violations were not barred by the automatic stay because they concerned the court's authority to enforce its own orders).

The order challenged in the Amended Motion was a sanctions and default ruling arising from the Debtor's litigation conduct in the divorce proceeding, in particular a failure to cooperate with discovery. It was not a final judgment dividing marital property. Such procedural rulings are part of the ordinary management of a domestic relations case and fall within the type of matters Congress intended state courts to continue adjudicating notwithstanding a bankruptcy filing.

The record further confirms that the state court itself respected the limits imposed by the automatic stay. When the bankruptcy filing was raised, the court indicated that additional

information regarding the house would be required before entering any divorce judgment. Consistent with that direction, no judgment dividing property was entered.

Of note, under *Katseanes* and *Pettit*, the state court did have the authority to implement its verbal order fully, including dividing property. But, it stopped short of entering an order on that.

Thus, the sanctions/default ruling challenged in the Amended Motion does not constitute an act to obtain possession of property of the estate.

**D. The Amended Motion Fails to Establish Any Actual Injury Under § 362(k)**

Even if the Court were to conclude that a technical violation of the automatic stay occurred, the Amended Motion fails to establish the threshold requirement for recovery under § 362(k): actual injury. Section 362(k) provides that an individual injured by a willful violation of the stay may recover "actual damages, including costs and attorneys' fees." 11 U.S.C. § 362(k)(1).

**1. No Compensatory Damages Are at Issue.**

Compensatory damages must meet several thresholds:

> Compensatory damages are recoverable by a debtor for a creditor's stay violation under a § 105(a) civil contempt motion. *See In re Dyer*, 322 F.3d [1178 (9th Cir. 2002) at 1193 (citing *Walls v. Wells Fargo Bank, N.A.*, 276 F.3d 502,507 (9th Cir.2002)). "Compensatory damages" include those damages that are "sufficient in amount to indemnify the injured person for the loss suffered," essentially placing the injured party in as good a position as it would have been in absent violation. See BLACK'S LAW DICTIONARY 445 (9th ed.2009). In order to recover such damages, the party asserting compensatory damages must specifically prove not only the right to damages, but also the amount of damages. *In re Wiggins*, 273 B.R. [839 Bankr.D. Idaho 2001) at 880. In proving compensatory damages, the existence and amount of damages must be based upon more than mere conjecture. *See Silver Sage Partners, Ltd. v. City of Desert Hot Springs*, 251 F.3d 814, 824 (9th Cir.2001); *McClaran v. Plastic Indus., Inc.*, 97 F.3d 347, 361 (9th Cir.1996).

*In re 1601 W. Sunnyside Dr. #106, LLC*, 2010 WL 5481080 *6 (Bankr.D.Idaho 2010).

The sole claim of compensatory damages here is the following:

> Debtor suffered significant embarrassment during the February 4 Hearing. The court room that day was full of other cases waiting to be heard. Debtor suffered

> Jones asserting that the property should be divided in spite of Debtor's bankruptcy case, and the concern and worry that debts would be assessed against her despite her bankruptcy filing. Jones' conduct at the February 4 Hearing went well beyond an attempt to get a default judgment entered and went well into harassment.
>
> Amended Motion, pg. 8.

No specific claim is made as to what impact this "significant embarrassment" had on the Debtor. And, the threshold for these kinds of damages is exceedingly high in the 9th Circuit:

> [A]n individual must (1) suffer significant harm, (2) clearly establish the significant harm, and (3) demonstrate a causal connection between that significant harm and the violation of the automatic stay (as distinct, for instance, from the anxiety and pressures inherent in the bankruptcy process). In so holding, we join a number of other courts that have adopted similar standards.
>
> Fleeting or trivial anxiety or distress does not suffice to support an award; instead, an individual must suffer significant emotional harm. *See, e.g., In re Skeen*, 248 B.R. 312, 319 (Bankr.E.D.Tenn.2000) (holding that " '[b]ecause the emotional distress suffered ... was fleeting, inconsequential, and medically insignificant, ... it is not compensable' ") (alteration in original) (*quoting Crispell v. Landmark Bank, (In re Crispell)*, 73 B.R. 375, 380 (Bankr.E.D.Mo.1987)).
>
> *In re Dawson*, 390 F.3d 1139, 1149 (9th Cir. 2004).

The Debtor will have to meet all three of those high standards to recover anything. Here, no property was seized. No lien was created or enforced. No funds were transferred. The state court did not even enter a judgment dividing marital property. Instead, once the bankruptcy filing was raised, the state court indicated that additional information concerning the parties' real property would be required before any further ruling could occur.

At most, the events described in the Amended Motion reflect a legal dispute regarding the effect of the bankruptcy filing on a previously issued state-court ruling. Compensatory damages are a reach.

**2. An Award of Attorney Fees Is Not Appropriate.**

The Amended Motion asserts attorney fees as a damage. Amended Motion, pg. 8. Yet, as noted previously, no action taken by the Respondents was inappropriate under either Idaho law or *Pettit.* An award for such fees incurred is not appropriate.

**E. Punitive Damages Are Not Warranted on This Record**

The Amended Motion seeks punitive damages under § 362(k). Amended Motion, pg. 8. While the statute authorizes punitive damages in appropriate circumstances, courts consistently recognize that such relief is reserved for extraordinary cases involving egregious misconduct. *In re Stinson*, 295 B.R. 109, 122 (9th Cir. BAP 2003)(citations omitted)(Awarded only if conduct was "malicious, wanton or oppressive" or engaged in "egregious, intentional misconduct.")

The predicate for punitive damages is actual damages. *McHenry v. Key Bank (In re McHenry)*, 179 B.R. 165, 168-69 (9th Cir. BAP 1995). If there are none here, punitive damages are simply not appropriate.

The decision in *In re Stefani* illustrates the high threshold required. There, the court emphasized that "something more than mere willfulness is required" to support punitive damages under § 362(k). *In re Stefani*, 2019 WL 762661 *8 (Bankr. S.D. Cal., 2019)). Punitive damages are appropriate only where the evidence demonstrates reckless or callous disregard for the law, malicious intent, or other egregious misconduct. *Id*.

The facts in *Stefani* were extreme. The offending attorney engaged in repeated postpetition conduct designed to obtain a lien against the debtor's property, recorded stay-violative documents, served the debtor at her workplace in front of students, and failed for months to remedy the violations. *Id.*, *5-6 The court described the conduct as shocking and reflective of reckless disregard for the debtor's rights. *Id*., *9.

Nothing comparable is alleged here. The Amended Motion concerns the submission of proposed orders reflecting a prior ruling, communications with the court regarding the effect of the bankruptcy filing, and participation in a hearing where the state court itself indicated that additional information would be required before entering any judgment.

Even if the Court were to conclude that some technical stay violation occurred, the conduct alleged does not approach the level of egregious misconduct required to support punitive damages.

**F. In the Alternative, Retroactive Annulment of the Stay Is Appropriate**

If the Court determines that the automatic stay technically applied to any portion of the conduct described in the Amended Motion, Respondents respectfully request retroactive annulment of the stay under § 362(d).

Bankruptcy courts possess broad authority to grant retroactive relief from the stay where equitable considerations warrant such relief. *Schwartz*, 954 F.2d at 573.

If the Court concludes that the stay was technically implicated here, Respondents request that the Court grant retroactive annulment of the automatic stay to the extent necessary to clarify that the actions described in the Amended Motion did not violate the stay.

### G. Any Actions Taken Were Within the Scope of Representation and Do Not Give Rise to Independent Liability

To the extent the Amended Motion seeks to impose liability on Respondent Kourtney Jones individually, such arguments are misplaced.

At all relevant times, Ms. Jones acted in her capacity as counsel for Respondent Zachary Tannar Riekena and within the scope of her employment with Bolton Law, PLLC. All actions taken by Ms. Jones were undertaken in furtherance of her professional obligations to represent her client in the underlying domestic relations proceeding and in response to issues arising in that proceeding.

The conduct challenged in the Amended Motion—submission of proposed orders, communications with the court, and participation in hearings—falls squarely within the realm of routine advocacy. Attorneys must be permitted to advocate their client's position in good faith without fear that routine litigation conduct will later be recast as sanctionable activity under the Bankruptcy Code. There is no allegation that Ms. Jones acted outside the scope of her representation, engaged in independent collection activity, or pursued any personal interest separate from her role as counsel. To the contrary, the record reflects that all conduct at issue occurred in the course of representing her client in the state court action.

Similarly, Respondent Zachary Tannar Riekena's involvement in the events described in the Amended Motion was limited to his role as a party in the underlying domestic relations proceeding. Any actions taken were undertaken through counsel and within the structure of the state court proceedings. There is no evidence that Mr. Riekena independently took any action to

obtain possession of property of the estate, enforce a judgment, or otherwise violate the automatic stay.

Accordingly, the Amended Motion fails to establish any basis for imposing individual liability on Ms. Jones or Mr. Riekena.

## V. CONCLUSION

The Amended Motion seeks extraordinary sanctions based on routine litigation conduct occurring after a prepetition oral ruling in state court.

Under Idaho law, the state court's ruling was operative when pronounced. Under Ninth Circuit precedent, ministerial acts implementing a prior judicial decision do not violate the automatic stay.

Moreover, the conduct alleged does not approach the level of egregious misconduct necessary to support punitive damages under § 362(k).

For these reasons, Respondents respectfully request that the Court deny the Amended Motion in its entirety. In the alternative, Respondents request that the Court grant retroactive annulment of the automatic stay to the extent necessary to clarify the legal effect of the actions described in the Amended Motion. Fees should not be awarded.

DATED: March 24, 2026

OLSEN TAGGART PLLC

*/s/ Steven L. Taggart*
STEVEN L. TAGGART
*Counsel for Bolton Law, PLLC*

TEC LAW, PLLC

*/s/ Tecla Druffel*
TECLA DRUFFEL
*Counsel for Kourtney Jones*

JEFF ANDREWS, P.C.

*/s/ Jeff Andrews*
JEFF ANDREWS
*Counsel for Zachary Tannar Riekena*

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of March, 2026, I electronically filed the Respondents' Objection to Amended Motion to Enforce the Automatic Stay and for Sanctions with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent by electronic transmission to all registered participants in this case through the Court's CM/ECF system, including the following:

Christopher S. Williams
Attorney for Debtor
Service@KootenaiBankruptcy.com

United States Trustee
ustp.region18.bs.ecf@usdoj.gov

Timothy R. Kurtz
Chapter 7 Trustee
trk@kurtztrustee.com

Safa Michael Riadh
safa@lawyercda.com

DATED: March 25, 2026

*/s/ Reena Lyon*
Reena Lyon
Legal Assistant