Christopher Williams, ISB No. 9827
**KOOTENAI BANKRUPTCY**
8475 N Government Way, #101
Hayden, Idaho 83835
Ph: 208.719-0232
Chris@KootenaiBankruptcy.com

Attorney for Debtor

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF IDAHO**

| | |
|---|---|
| In re:<br><br>AMANDA RIEKENA<br><br>Debtor. | Case No. 26-20041-BRW<br><br>Chapter 7<br><br>OBJECTION TO MOTION TO DISMISS, ABSTAIN OR RETROACTIVELY ANNUL THE AUTOMATIC STAY |

COMES NOW, Debtor AMANDA RIEKENA (hereinafter "Debtor"), by and through her counsel Christopher S. Williams of Kootenai Bankruptcy and objects to the Motion to Dismiss, Abstain or Retroactively Annul the Automatic Stay filed April 21, 2026 [Doc. No. 55] filed jointly by Bolton Law, PLLC; Kourtney Jones; and Zachary Tannar Riekena (hereinafter "Respondents").

**RELEVANT FACTUAL BACKGROUND**

1. Debtor owes substantial debt, particularly for fees related to her divorce and medical debt. [Exhibit 116].
2. In approximately September 2025, Debtor met with Zachary Riekena to discuss their divorce, and she advised him she may have to file bankruptcy as her debts were accruing, and she did not have any income to pay that debt.
3. Soon after that conversation, on or about September 11, 2025, Debtor received a voicemail

from Jill Bolton, an owner and attorney at Bolton Law, PLLC. That voicemail states as follows: "I also understand that you have indicated you will be filing bankruptcy. I want to caution you that such a filing would likely violate the court's preliminary injunction, and we would pursue potential contempt action against you, which carries potential jail time and fines and if we prevail you would be required to pay our fees and costs." [Exhibit 113].

4. At the time Debtor received that voicemail from Bolton Law, PLLC, she represented herself pro se in her divorce case and did not have representation from counsel.
5. Bolton Law, PLLC's voicemail caused Debtor to believe that if she filed a bankruptcy case, that she would face jail time and criminal fines.
6. In the months leading up to her bankruptcy filing, Debtor had been the subject of collection efforts by several of her creditors, including phone calls and collection notices mailed to her address.
7. Debtor owes a debt of approximately $4,000 to Verizon for her phone bill, and that debt resulted in her intermittently losing phone service.
8. Debtor was diagnosed with stage 3 breast cancer around 2023, which included significant treatment including chemotherapy, radiation, hysterectomy, a double mastectomy and physical therapy.
9. Debtor entered remission around 2024. After which she was advised she should take medication to avoid getting out of remission. She did not have the money to pay for her cancer medication after entering remission and after her separation with Zachary Riekena, so she could not take those medications consistently.
10. She has often been unable to see her doctor on a regular basis because she has too much debt and knew she could not afford to incur even more medical debt.
11. The financial pressure of not being able to work, collection efforts by creditors including her

medical debt, and her inability to afford continued treatment with her current level of debt is what resulted in Debtor filing her Chapter 7 bankruptcy case.

12. Debtor sought to resolve this debt through the result of her divorce proceeding in which she would be entitled to 50% of the equity in the home she owns with her spouse as community property.
13. Instead, it became clear that Mr. Riekena intended to keep the property entirely, leaving Debtor to resolve the debt on her own.
14. With no other option, Debtor filed her bankruptcy case to lift the burden of debt and allow her to focus on maintaining her health.
15. In March 2026, Debtor's cancer came out of remission, and she was diagnosed with stage 2 cancer.
16. Debtor is currently working with her cancer provider to apply for social security disability. Debtor is otherwise unable to work.

**BAD FAITH FILING**

Debtor did not file her bankruptcy case in bad faith, and thus her bankruptcy case should not be dismissed as abuse of the bankruptcy code. Respondents primarily argue that Debtor's bad faith almost exclusively relies on the factor regarding whether a debtor intended to invoke the automatic stay for improper purposes. Specifically, in regards to bankruptcy as resolution of a two-party dispute. [Doc. No. 55 at 6].

Procedurally, Respondents are requesting for dismissal under 11 USC 707(b)(1), which states that ". . . the court . . . may dismiss a case filed by an individual debtor under this chapter whose debts are primarily consumer debts . . . if it finds that the granting of relief would be an abuse of the provisions of this chapter." Then they refer to 11 USC 707(b)(3)(A) which states that when deciding whether to grant dismissal for abuse under 11 USC § 707(b)(3)(A), the court must consider whether the

debtor field the petition in bad faith. . ." So while this Court must consider whether a Debtor filed the petition in bad faith, this Court must find that such bad faith filing constituted abuse of the bankruptcy code to grant dismissal.

In Debtor's schedule E/F, Debtor lists unsecured nonpriority debts totaling $160,040.97, and several medical debts with unknown amounts. [Exhibit 116]. It is common for medical bills to come in weeks or months after treatment, so Debtor did not have those bills to accurately reflect the total debt owed to them when she filed her bankruptcy schedules.

Debtor has no ability to pay those debts, nor did she have the ability to pay those debts in September 2025 when she first contemplated filing bankruptcy and discussed it with Mr. Riekena. Unfortunately, she was threatened by Bolton Law, PLLC with criminal fines and jail time if she were to do so. Knowing no better, she put aside the thought of bankruptcy and intended to resolve her debts through the resolution of her divorce case. Debtor filed her bankruptcy case to resolve the significant debt she owes and cannot pay.

In support of their argument, Respondents refer to two recently decided District of Idaho Bankruptcy cases. In *In re Bootjack Dairy M&D, LLC*, 654 B.R. 368, 384 (Bankr. D. Idaho 2023), the Court held that "Debtors filed for bankruptcy to utilize § 365 to reject the sale agreement with Black Butte and to have this Court resolve questions of validity, enforceability and remedies/damages, rather than the state court." The Debtor in that case intended to use bankruptcy for the sole purpose of avoiding their creditor's preferred remedy of specific performance regarding a contract, and otherwise had no other valid bankruptcy purpose. *Id.* at 384. Their only creditors listed at filing were the creditors filing the motion to dismiss and their attorney's fees. *Id.* at 385. Otherwise, the Court held that the matters at issue were simply between two parties, and thus granted creditor's motion to dismiss. *Id.* at 387. Similarly, in *In re Little*, 657 B.R. 873 (Bankr. D. Idaho 2024), the Court held that dismissal was appropriate as Debtor's primary motivation was to obtain a more substantively favorable outcome in

their pre-petition litigation against a creditor.

In both of those cases, the Court primarily held dismissal was appropriate because Debtor was attempting to obtain a more favorable outcome in their ongoing litigation. In this case, there is no more favorable outcome of litigation to be had for Debtor in her divorce case. Debtor's bankruptcy case stays the debt and asset allocation in the underlying divorce case only temporarily, but once Debtor's bankruptcy case has been closed, Debtor and Zachary Riekena's divorce case will proceed and whatever debts and assets that remain will be allocated pursuant to a divorce decree consistent with Debtor's discharge. Debtor is not attempting to forum shop or utilize bankruptcy provisions in a way debtors were attempting in *Bootjack* or *Little* that supported the dismissal in those cases. Debtor filed her bankruptcy case because she does not have the income or assets to pay her debts, and therefore, the facts do not substantiate that Debtor filed her bankruptcy case as abuse under 707(b).

**ABSTENTION**

Abstention would not be appropriate in this case because Debtor and Respondents are not requesting this Court to make any substantive legal holdings regarding the substance of their divorce.

28 USC § 1334 grants district courts "original and exclusive jurisdiction of all cases under title 11." Section c then clarifies that "nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11."

Respondents primarily refer to the holding in *McCallister v. Bernt (In re Thiel)* in support of their argument that this Court should avoid deeply involving itself into state court matters. *No. 14-6028-JDP* (Bankr. D. Idaho May 18, 2015) citing *Thompson v. Thompson*, 798 F.2d 1547 (9th Cir. 1986) and *Donald v. Donald (In re Donald)*, 755 F.2d 715 (9th Cir. 1985). Notably, *Thiel* and its support involve federal courts declining to adjudicate specific domestic relations disputes.

In this case, Debtor is not requesting the Court to adjudicate its domestic matter. Debtor filed for relief under the bankruptcy code and is seeking a discharge of her debts. Although Respondents' separate defense to Debtors' Amended Motion for Sanctions seeks this Court to decide as to the stay's effect on certain court orders, neither Respondents nor Debtor are requesting this Court adjudicate the matter itself. Because neither party is requesting this Court to substantively adjudicate the underlying divorce or its terms, abstention under § 1334 would not be appropriate.

If this Court does agree that abstention would be appropriate to allow the state court to adjudicate the Motion for Sanctions filed by Zachary Riekena against Debtor in the underlying state court case, it should do so with detailed instruction that Respondents should not use abstention as an attempt to assess pre-petition debts against debtor or control or otherwise divide property of the estate.

**Retroactive Annulment**

Respondents argue in their Motion to Dismiss that retroactive annulment of the automatic stay would be appropriate. Respondents also request that relief in their Objection to Motion for Sanctions [Doc. No. 42 at 9–10]. Debtor would refer this Court to her argument opposed to retroactive annulment articulated in her Memorandum in Support of Amended Motion to Enforce the Automatic Stay and for Sanctions.

Respondents refer to *In re Oya*, No. BAP SC-19-1095-BKUL, (BAP 9th Cir. Oct. 18, 2019) as an example of how a debtor that files a bare-bones bankruptcy as a bad-faith scheme to hinder or delay its creditors should result in the stay being annulled retroactively. In that case, Debtors had collectively filed six bankruptcy cases in less than two years. *Id.* at 3–4. The Court refers to the bankruptcy filing being a "bare-bones petition." *Id.* at 4. The Court later clarifies that "all six of the cases were dismissed for failure to file the required documents . . ." referring to the schedules and statement of financial affairs. *Id.* at 21. None of the six cases were filed with the intention of completing their case, and were

found to be bad faith filings for the sole purpose of temporarily preventing a foreclosure of their real property. *Id.*

The grounds for annulment are weak and certainly do not reach to the level the Court found to be appropriate in *In re Oya*. Respondents refer to the bare-bones petition and debtors' alleged bad faith as argued in their Motion to Dismiss as grounds for annulment, but fail to analyze the twelve factors as articulated by the Court in *In re Oya*, which favor not granting annulment of the stay. In Debtor's case, she has never filed a bankruptcy case prior to this one. Debtor completed her schedules and statement of financial affairs, and but for Respondents' Motion to Dismiss, is on track to receive her bankruptcy discharge.

The Motion for Annulment of the Automatic Stay portion of Respondents' Motion appears to be related to Respondents' defense to Debtor's Pending Amended Motion for Enforcement of the Automatic Stay and for Sanctions. Debtor would request this Court deny the Motion for Annulment of the Automatic Stay as that matter is already being litigated or to explicitly consolidate those two requests for annulment into one motion on the grounds of judicial economy. As the Motion for Annulment of the Automatic Stay is inextricably linked to Debtor's requested relief under § 362(k), Debtor would request this Court allow attorney's fees to be granted to Debtor as actual damages under 11 USC § 362(k) only for the time counsel must address their argument regarding annulment of the automatic stay.

WHEREFORE, Debtor requests this Court deny Respondents' Motion to Dismiss, Abstain, or Retroactively Annul the Automatic Stay. Additionally, Debtor requests actual damages under § 362(k) for the attorney's fees that are accrued by her attorney in response to the Motion to Retroactively Annul the Stay.

DATED: May 4, 2026

KOOTENAI BANKRUPTCY

/s/ Christopher Williams________________
Christopher Williams, Attorney for Debtor

**CERTIFICATE OF SERVICE**

I CERTIFY that on May 4, 2026, I filed the OBJECTION TO RESPONDENTS' MOTION TO DISMISS, ABSTAIN OR RETROACTIVELY ANNUL THE AUTOMATIC STAY causing the following CM/ECF registered participants to be served by electronic means, as more fully reflected on the Notice of Electronic Filing

| | |
|---|---|
| US Trustee | ustp.region18.bs.ecf@usdoj.gov |
| Chapter 7 Trustee, Tim Kurtz | trk@kurtztrustee.com |
| Safa Michael Riadh | safa@lawyercda.com |
| James Justin May on behalf of Trustee Timothy R. Kurtz | jjm@johnsonmaylaw.com |
| Jeffrey H. Andrews on behalf of non-filing spouse Anthony Tannar Riekena | jeffandrewslaw@yahoo.com |
| Tecla Elizabeth Druffel on behalf of Kourtney Jones | tecla@tec-law.net |
| Steven L. Taggert on behalf of Bolton Law, PLLC | staggart@olsentaggart.com |

DATED: May 4, 2026

KOOTENAI BANKRUPTCY

/s/ Christopher Williams________________
Christopher Williams, Attorney for Debtor