J. Justin May, ISB: 5818
JOHNSON MAY
199 N. Capitol Blvd, Ste 200
Boise, Idaho 83702
Telephone: (208) 384-8588
Facsimile: (208) 629-0157
Email: jjm@johnsonmaylaw.com

Attorney for Trustee

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| In re:<br><br>AMANDA RIEKENA,<br><br>Debtor. | Case No. 26-20041-BRW |

**OBJECTION TO MOTION TO DISMISS, ABSTAIN OR RETROACTIVELY ANUL THE AUTOMATIC STAY**

The Chapter 7 Trustee, Timothy Kurtz (the "Trustee" or "Kurtz"), by and through his counsel of record, JOHNSON MAY, objects to the Motion to Dismiss, Abstain or Retroactively Anul the Automatic Stay (Docket No. 55 – the "Motion") filed jointly by Bolton Law, PLLC, Kourtney Jones, and Zachary Tannar Riekena (collectively the "Respondents").

1. The Trustee hereby joins and incorporates the arguments contained in the Debtor's Objection to Dismiss, Abstain or Retroactively Annul the Automatic Stay (Docket No. 60 – "Debtor's Objection").

2. The Motion seeks a finding by this Court that the Debtor filed this case in bad faith under 11 U.S.C. § 707(b)(1) and that the timing of the Debtor's filing in relation to the oral ruling in the divorce proceeding is an inappropriate use of the bankruptcy process.

3. Even apart from the Debtor's personal circumstances, the Motion fails because it ignores the Trustee's independent duties under 11 U.S.C. § 704.

4. As reflected in the Debtor's Schedules, the estate includes significant potentially non-exempt equity in real property and multiple unsecured creditors beyond the Respondents.

5. This is therefore an asset case requiring administration.

6. In the Motion, Respondents repeatedly characterize this case as a two-party dispute, which is incorrect.

7. Granting the relief requested in the Motion would prejudice the creditors in this case and is inconsistent with the core purposes of Chapter 7.

8. Further, under 11 U.S.C. § 541(a)(2), the bankruptcy estate includes "… [a]ll interests of the debtor and the debtor's spouse in community property as of the commencement of the case…"

9. Idaho is a community property state. As such, all community property existing as of the petition date becomes property of the bankruptcy estate.

10. At the time the Debtor filed her bankruptcy case, there was no final divorce decree or judgment entered and the Debtor and Zachary Tannar Riekena were still married.

11. The Motion seeks relief that would improperly divest the estate of community assets and thus preventing the proper administration of the estate.

WHEREFORE, the Trustee respectfully requests that the Court deny the Motion to Dismiss, Abstain or Retroactively Anul the Automatic Stay.

DATED this 4th day of May 2026.

JOHNSON MAY

*/s/* J. Justin May

J. JUSTIN MAY
Attorney for Trustee

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 4th day of May, 2026, I filed the foregoing OBJECTION TO MOTION TO DISMISS, ABSTAIN OR RETROACTIVELY ANUL THE AUTOMATIC STAY electronically through the CM/ECF system, which caused the following parties to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

| | |
|---|---|
| J. Justin May | jjm@johnsonmaylaw.com |
| U.S. Trustee | ustp.region18.bs.ecf@usdoj.gov |
| Timothy R. Kurtz | trk@kurtztrustee.com |
| Safa Michael Riadh | safa@lawyercda.com |
| Christopher S. Williams | service@kootenaibankruptcy.com |
| Tecla Druffel | tecla@tec-law.net |
| Steven L. Taggart | staggart@olsentaggart.com |
| Jeff H. Andrews | jeffandrewslaw@yahoo.com |

Any others as listed on the Court's ECF Notice.

/s/ J. Justin May
J. Justin May