J. Justin May, ISB: 5818
JOHNSON MAY
199 N. Capitol Blvd, Ste 200
Boise, Idaho 83702
Telephone: (208) 384-8588
Facsimile: (208) 629-0157
Email: jjm@johnsonmaylaw.com

Attorneys for Trustee

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| In re:<br><br>AMANDA MARIE RIEKENA,<br><br>Debtor. | Case No. 26-20041-BRW<br><br>Chapter 7 |

**TRUSTEE'S CLOSING ARGUMENT**

The Trustee of the above-referenced bankruptcy estate, by and through his attorney of record, JOHNSON MAY, provides this written closing argument regarding the Motion to Enforce Automatic Stay (Dkt. No. 15) and the Motion to Dismiss, Abstain or Retroactively Annul the Automatic Stay (Dkt. No. 55) (collectively referred to as the "Motions").

**FACTUAL BACKGROUND**

1. The Debtor and her non-filing spouse, Zachary Tannar Riekena ("Tannar"), are adverse parties in a divorce action filed on December 26, 2024, pending in Kootenai County Magistrate Court, Case No. CV28-24-8457 (the "Divorce"), before Judge Mayli A. Walsh.

2. On February 2, 2026, the state court in the Divorce action conducted a hearing at which the court orally ruled from the bench to sanction the Debtor and "enter default" with respect to financial issues including, debt, property, tax, and retirement accounts, and requested preparation of an order and judgment from Tannar's counsel. *Exhibit 100.*

3. Shortly after the hearing, the Debtor filed a voluntary Chapter 7 petition on February 2, 2026 ("Petition Date"), at approximately 4:13 p.m. PST.

4. On February 2, 2026, after the bankruptcy was filed, Debtor's counsel filed a Notice of Bankruptcy in the Divorce, and counsel for Tannar received service of the notice that day via iCourt. *Exhibits 101 and 102.*

5. In the early hours of February 3, 2026, counsel for Tannar submitted to the state court a proposed Order of Entry of Default and a proposed Partial Judgment and Decree of Divorce. *Exhibits 104, 106 and testimony of Kourtney Jones.*

6. On February 3, 2026, counsel for Tannar emailed the state court clerk requesting review for signature of the proposed orders, and Debtor's divorce counsel objected on automatic stay grounds. *Exhibits 107, 108, and 109 and testimony of Kourtney Jones and Safa Riadh.*

7. At a February 4, 2026, hearing, counsel advised that a default had been signed, and the court discussed questions regarding real property division while acknowledging the bankruptcy notice; briefing was requested concerning the effect of the automatic stay on entry of default or judgment. *Exhibit 214 and testimony of Safa Riadh and Kourtney Jones.*

8. No default judgment has been entered by the state court. The court noted that it still had questions about the division of property. *Exhibit 214 and testimony of Safa Riadh and Kourtney Jones*

9. Debtor's schedules list the marital residence at 2354 West Evening Star Road, Post Falls, Idaho (the "Evening Star Property"), with a stated value of $742,900, two liens in the amounts of $388,134.23 and $185,369.19, and the Debtor did not claimed a homestead exemption and the Debtor has indicated an intention to surrender the Property.

10. In 2017, the property located at 5027 Lemonwood, Post Falls, ID ("Lemonwood Property") was purchased and deeded to only Tannar. A mortgage was taken out to purchase the Lemonwood Property and community property funds from Tannar's income during the parties' marriage were used to pay the mortgage, maintain the Lemonwood Property, and make improvements throughout the duration of the marriage. The Lemonwood Property was sold in 2021 and the funds from the sale were used to purchase the Evening Star Property. *Exhibit 232 and the testimony of Zachary Tannar Riekena.*

11. In 2021, Debtor and Tannar purchased the Evening Star Property and both Debtor and Tannar are listed on the deed. In addition to the proceeds from the Lemonwood Property, a mortgage was taken out to purchase the Evening Star Property. Payments on the mortgage were paid using Tannar's income and the mortgage is current. Throughout their ownership of the Evening Star Property, Debtor and Tannar have maintained and done improvements including landscaping, roofing, and painting, using funds from Tannar's income and proceeds from an insurance claim. The Evening Star property is community property. *Exhibit 236 and the testimony of Zachary Tannar Riekena.*

12. An evidentiary hearing on the Motions was held on May 12 and 13, 2026.

## ARGUMENT

### I. Dismissal of the Bankruptcy Case is not warranted.

Zachary Tannar Riekena, Kourtney Jones, and Bolton Law, PLLC seek dismissal pursuant to 11 U.S.C. §707(b)(3). Pursuant to 707(b)(3), a case may be dismissed when the petition was filed in bad faith. The party seeking dismissal bears the burden of proof by a preponderance of the evidence. *Baroni v. Seror (in re Baroni), 36 F.4th 958, 966 (9th Cir. 2022)*.

The term "bad faith" is not defined in the Bankruptcy Code, and the Ninth Circuit has not articulated a test specifically for § 707(b)(3)(A). However, the standards developed in Chapter 11

and Chapter 13 bad faith dismissal cases and from the prior § 707(b) "substantial abuse" cases apply. *In re Mitchell*, 357 B.R. 142 (C.D. Cal. 2006).

Determination of bad faith involves the application of a nine factor test: (1) whether the debtor has a likelihood of sufficient future income to fund a Chapter 11, 12, or 13 plan that would pay a substantial portion of unsecured claims; (2) whether the debtor's petition was filed as a consequence of illness, disability, unemployment, or some other calamity; (3) whether the schedules suggest the debtor obtained cash advances and consumer goods on credit exceeding the debtor's ability to repay; (4) whether the debtor's proposed family budget is excessive or extravagant; (5) whether the debtor's statement of income and expenses is misrepresentative of the debtor's financial condition; (6) whether the debtor has engaged in eve-of-bankruptcy purchases; (7) whether the debtor has a history of bankruptcy petition filings and case dismissals; (8) whether the debtor intended to invoke the automatic stay for improper purposes, such as for the sole objective of defeating state court litigation; and (9) whether egregious behavior is present. *Id.* No single factor is dispositive, and all facts of the case must be evaluated *Id.* “The Court must evaluate whether, in light of all the relevant facts and circumstances, it appears that the debtor's intention in filing a bankruptcy petition is inconsistent with the Chapter 7 goals of providing a ‘fresh start’ to debtors and maximizing the return to creditors.” *Id.*

Movants focus only on a single factor: that the case is essentially a two-party dispute capable of prompt adjudication in state court and was filed to dodge state court litigation. However, the parties’ divorce is not simply a two party dispute. The purpose of the bankruptcy according to the Debtor was to ensure precisely the proper goals of Chapter 7. Debtor testified that she wanted to ensure that the community assets be used to satisfy creditors and that she received a fresh start.

## II. The community assets and debts had not been finally adjudicated prior to the bankrupty petition.

Prior to the filing of the petition, the state court in the Divorce action had only orally granted default. Default was not formally entered until after the Petition was filed. This entry of default and the movants efforts to obtain default and default judgment were in violation of the automatic stay and therefore void. *In re* Schwartz, 954 F.2d 569 (9th Cir. 1992). Movant's argue that the entry of default was merely a ministerial act, but there are at least two problems with this argument. First, only default was entered. The court never entered default judgment. Thus, even if this argument were well taken the court never fully adjudicated the issues and the community assets were not divided. Second, the court made clear during the February 4 hearing that it still had questions, particularly about the marital home, and even though default had been entered it was not prepared to make a final decision regarding the division of property. **[cite].**

At the time of the bankruptcy filing the parties' community property became property of the estate. 11 U.S.C. § 541(a)(2). Given that no judgment was entered prior to the petition, the property of the estate includes the community property including the home on Evening Star.

DATED this 27th day of May 2026.

/s/ J. Justin May
J. Justin May
Counsel for the Trustee

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of May 2026, I filed the foregoing TRUSTEE'S CLOSING ARGUMENT electronically through the CM/ECF system, which caused the following parties to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

| | |
|---|---|
| J. Justin May | jjm@johnsonmaylaw.com |
| U.S. Trustee | ustp.region18.bs.ecf@usdoj.gov |
| Timothy R. Kurtz | trk@kurtztrustee.com |
| Safa Michael Riadh | saga@lawyercda.com |
| Christopher S. Williams | service@kootenaibankruptcy.com |
| Tecla Druffel | tecla@tec-law.net |
| Steven L. Taggart | staggart@olsentaggart.com |
| Jeff H. Andrews | jeffandrewslaw@yahoo.com |

Any others as listed on the Court's ECF Notice.

/s/ J. Justin May
J. Justin May