UNITED STATES BANKRUPTCY COURT
DISTRICT OF IDAHO

| | |
|---|---|
| In re:<br><br>AMANDA MARIE RIEKENA,<br><br>Debtor. | Case No. 26-20041-BRW<br><br>Chapter 7 |

**SUMMARY ORDER RE: ATTORNEYS' FEES REQUESTS AND SUBSEQUENT FILINGS**

**Appearances:**

Christopher S. Williams, Kootenai Bankruptcy, PLLC, Hayden, Idaho, Attorney for the Chapter 7 Debtor Amanda Marie Riekena

Tecla Elizabeth Druffel, TEC LAW, PLLC, Lewiston, Idaho, Attorney for Kourtney Jones

Jeffrey H. Andrews, Hayden, Idaho, Attorney for Zachary Tannar Riekena

Steven L. Taggart, Olsen Taggart PLLC, Idaho Falls, Idaho, Attorney for Bolton Law, PLLC

James Justin May, Johnson May, Boise, Idaho, Attorney for the Chapter 7 Trustee Timothy R. Kurtz

---

Introduction

Via a Memorandum Decision entered on July 9, 2026, the Court held that it would award reasonable attorneys' fees and costs to the Debtor Amanda Marie Riekena (the "Debtor") pursuant to 11 U.S.C. § 362(k) and against Bolton Law, PLLC ("Bolton Law"). Doc. No. 85. In order for the Court to evaluate the reasonableness of the attorneys' fees and costs to be awarded, it required that the Debtor "file an application for an award of attorneys' fees and costs . . . on or before fourteen (14) days from the date [the Memorandum Decision] was signed." *Id.* at 59-60. Further, the Court ordered that "[i]f Bolton Law objects to the reasonableness of the requested attorneys' fees, it shall file an objection stating the grounds for the objection on or before seven

(7) days after the filing of the Debtor's fee application. At that time, the Court will consider, evaluate, and award reasonable attorneys' fees and costs to the Debtor." *Id.* at 60.

Consistent with the Memorandum Decision, the Debtor filed the application for attorneys' fees and costs on July 21, 2026 (the "Requested Award"). Doc. No. 88. Therein, the Debtor sought a total of $31,054.76 against Bolton Law in attorneys' fees and costs and provided detailed time entries. *Id.* at 3.

Also consistent with the Memorandum Decision, Bolton Law timely filed an objection to the Requested Award (the "Objection") on July 28, 2026. Doc. No. 89. In the Objection, Bolton Law objected to the reasonableness of the attorneys' fees requested, *Id.* at 8-9, but went further, also raising the issue of whether the attorneys' fees requested should be disallowed in large part due to an alleged failure by the Debtor's bankruptcy counsel to comply with Federal Rule of Bankruptcy Procedure 2016(b) ("Rule 2016(b)"), *Id.* at 5-8. As to the reasonableness of the hourly rate charged, Bolton Law argued that the hourly rate of $400 was excessive and attached a compilation of hourly rates being charged by other bankruptcy practitioners in this District. Doc. No. 90. The firm further took issue with the Debtor's state court counsel's fee request within the Requested Award, including the reasonableness of those fees. Doc. No. 89 at 9-14.

Despite the Memorandum Decision, which expressly held the matter would be under advisement as of the filing of any objection by Bolton Law, the Debtor filed a lengthy reply to the Objection on August 6, 2026 (the "Reply"). Doc. No. 91. The Debtor also set this matter for a telephonic hearing on August 13, 2026 (the "Hearing"). Doc. No. 92.

In the Reply, the Debtor addressed the Rule 2016(b) argument raised by Bolton Law and claimed that any such failure to comply with the Rule was due to excusable neglect and has been otherwise and promptly cured. Doc. No. 91 at 6-10. Additionally, the Debtor addressed Bolton

Law's allegation that the Debtor's bankruptcy counsel's hourly rate was too high, which included counsel's own analysis of rates charged by counsel practicing in this Court. *Id.* at 11-15. Additionally, the Debtor acknowledged a "mathematical error" in the Requested Award, in the amount of $175.00, with respect to the Debtor's state court counsel's fee request; however, the Debtor defended as reasonable the other attorneys' fees sought in the Requested Award for the Debtor's state court counsel. *Id.* at 15-16.

Further, in a Declaration filed by the Debtor's state court counsel on August 7, 2026, counsel explains that while there are mathematical errors evident in his time entries, the full amount of time sought (11.2 hours) multiplied by his hourly rate ($350), equals the total amount requested ($3,920.00). Doc. No. 93. Finally, the Debtor indicated in the Reply that she has incurred an additional $4,800 in filing the Reply and will incur additional amounts in attorneys' fees and costs at the Hearing and any additional briefing that may occur on these issues. Doc. No. 91 at 16-17.

The Court has considered the arguments of the parties in the relevant filings and now issues this summary order awarding attorneys' fees and costs to the Debtor and against Bolton Law, consistent with the Memorandum Decision. Given the Court's determination of the issues pending, the Hearing is vacated.

<u>Analysis</u>

While 11 U.S.C. § 362(k) has a mandatory award of attorneys' fees and costs to be awarded to the individual debtor, such an award is subject to the bankruptcy court's determination of what fees are "reasonably incurred" and the court "retain[s] the discretion to eliminate unnecessary or plainly excessive fees." *America's Servicing Co. v. Schwartz-Tallard (In re Schwartz-Tallard)*, 803 F.3d 1095, 1101 (9th Cir. 2015) (citation omitted).

Moreover, the bankruptcy court has discretion in determining the appropriate result when there is a violation of Rule 2016(b), which Rule implements 11 U.S.C. § 329. *See, e.g.*, *Law Offices of Nicholas A. Franke v. Tiffany (In re Lewis)*, 113 F.3d 1040, 1045 (9th Cir. 1997) (holding that Rule 2016(b) and § 329 "gives the bankruptcy court discretion to order disgorgement of attorney's fees" in appropriate circumstances but that the "reasonableness" of the fees requested may also be considered in this context). The bankruptcy court may cancel an agreement and order return of the payments to the debtor if it determines that the compensation exceeds the reasonable value of the services. 11 U.S.C. § 329(b); *Am. Law Ctr., PC v. Stanley (In re Jastrem)*, 253 F.3d 438, 442 (9th Cir. 2001).

Generally, issues of noncompliance with Rule 2016(b) and disgorgement under 11 U.S.C. § 329(b) are raised by the bankruptcy court, the U.S. Trustee, a trustee, or the debtor. In the context of defending against a damages award under 11 U.S.C. § 362(k), the Court is skeptical as to the merits of raising that Rule and Code section to reduce the amount of damages to be awarded against it. Nevertheless, the Court has considered the factual circumstances of this particular case and, in the exercise of its discretion, declines to require disgorgement of the attorneys' fees incurred and thereby reduce the award of damages against Bolton Law. The required Rule 2016 disclosure has been filed and was done promptly upon Debtor's bankruptcy counsel's discovery of the issue. The Rule 2016(b) disclosure requirement is in place to assist the Court in ensuring bankruptcy debtors are paying a reasonable fee for their bankruptcy counsel's services. It is not intended to be used as a sword to defeat sanctions for automatic stay violations. As such, the Court overrules the Objection to the extent it seeks to reduce the Requested Award over $17,000 for counsel's Rule 2016(b) error.

As to the reasonableness of the rates at issue, this Court is capable of determining whether the rate requested by counsel for the Debtor is reasonable in this District. *See In re Gilsvik*, 673 B.R. 745, 751 (9th Cir. BAP 2025) (noting "the bankruptcy court may consider fees awarded to others in the same locality for similar cases and may rely on its 'own knowledge of customary rates and [its] experience concerning reasonable and proper fees.'") (quoting *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011)).

Finally, "[w]hen assessing the reasonable value of the services rendered by an attorney to a debtor, the court is directed to consider the same criteria set forth for determining the proper amount of compensation for estate professionals under § 330(a)." *Id.* (citations omitted). Section 330(a)(3) provides a list of considerations for determining reasonable compensation for officers and professional persons. 11 U.S.C. § 330(a)(3); *see also In re Jastrem*, 253 F.3d at 443 (using § 330(a)(3) in a review under § 329(b)). Generally, the considerations look at the "nature, extent, and value of services rendered, taking account of all relevant factors, including the time spent on the services, the rates charged for the services, and the customary compensation of comparably skilled attorneys in other cases." *In re Jastrem*, 253 F.3d at 443. Also, included is whether the services were "necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title." 11 U.S.C. § 330(a)(3)(C).

Applying these principles under 11 U.S.C. § 362(k) and considering all the factors of 11 U.S.C. § 330(a)(3), the Court concludes that Debtor's Requested Award as to Debtor's bankruptcy counsel is reasonable and properly awarded in this case at his $400 per hourly rate. This Court having presided over the proceedings before and through an evidentiary hearing in this case, considers the nature, extent, and value of the services provided by the Debtor's

bankruptcy counsel, as well as the time spent on the services as warranting an hourly rate of $400 and in the amount requested in the Requested Award. In addition, the Court has considered its experience with the customary rates charged in this District and it does not conclude that the rate requested exceeds an appropriate amount.

As to the Debtor's state court counsel's attorneys' fees requested in the Requested Award, the Court finds the request to be confusing due to clear mathematical errors in the specific time entries. However, the ultimate amount requested—$3,920—equals the hourly rate ($350) multiplied by the hours spent (11.2). Nevertheless, the Court agrees with Bolton Law that some reduction of the February 24, 2026, time entry is appropriate. After reviewing the transcript, the Court found that while the hearing substantially involved discussion of the bankruptcy and the automatic stay, roughly 36 out of the 80 pages discussed custody, drug testing, and the state court's temporary orders. *See* Ex. 215 at 21-57.[1] Notably, in addition, the time entry also details a discussion had with the client after the hearing. Unfortunately, that time entry lumps the two compensable actions into one and makes the Court's analysis of the appropriate amount of time to allow difficult. As a result, the Court finds it reasonable to reduce the time spent under this entry by half due to the lumping of this time entry as well as the clear fact that a significant portion of the hearing that day was focused on things other than the bankruptcy. Thus, the Court will reduce the fees as requested by $350.[2] Therefore, the

---

[1] The Court nonetheless acknowledges that discussion of the scope of the automatic stay was interwoven throughout the hearing and within these discussions to some extent.

[2] As noted above, there are math errors in the time entries provided, and this entry is one of those. It seeks $700 for 2.5 hours at $350 per hour. Obviously, the requested $700 is less than what should be listed here. However, the total amount of hours (11.2) multiplied by the hourly rate ($350) equals the full amount requested ($3,920). As such, a reduction of the requested $700 for this entry by half is appropriate.

Requested Award is reduced in total by $350 and the Debtor is awarded $30,704.76 in attorneys' fees and costs under 11 U.S.C. § 362(k).

The Court declines, however, to award any additional attorneys' fees and costs as requested by the Debtor in the Reply. While the Debtor seeks an additional $4,800 in drafting the Reply and notes the Debtor will seek additional attorneys' fees for having to attend the Hearing, the Court determines that the amount expended for the Reply is not appropriately awarded as damages under § 362(k) because those amounts were incurred unnecessarily. Moreover, pursuant to 11 U.S.C. § 329(b), and considering all the factors of 11 U.S.C. § 330(a)(3),[3] the Court finds that such compensation exceeds the reasonable value of the services provided and orders the return of any payment made by the Debtor to counsel related to the Reply. The Memorandum Decision was clear that the matter would be taken under advisement upon submission of an objection to the reasonableness of the Debtor's attorneys' fees and costs requested. No reply was invited or expected, and as such, the time and effort expended to reply to the Objection was incurred unnecessarily. What is more, the Reply was not necessary for the Court to determine the proper award of fees and costs as damages under 11 U.S.C. § 326(k). The Court is cognizant of the appropriate standards under Rule 2016(b) and 11 U.S.C. § 329(b). Finally, the Court is aware of the customary rates charged in this District and can apply its own knowledge of these rates to determine the reasonable amount of attorneys' fees and costs here. In short, the Reply was not contemplated in the Memorandum Decision and was unnecessary to inform the Court in rendering this decision.

---

[3] While the Court does not go through each of the factors of 11 U.S.C. § 330(a)(3), it has considered them as detailed in the authority cited above in reaching this conclusion.

Order

Now therefore, based on the above analysis, and pursuant to this Court's Memorandum Decision, **IT IS HEREBY ORDERED** that the Debtor is AWARDED damages under 11 U.S.C. § 362(k) in the amount of $30,704.76, which represents the attorneys' fees and costs the Court determines are appropriately awarded as damages for the stay violation. The Court has considered all the arguments of the Objection and they are OVERRULED, except as provided in this Order.[4]

**IT IS HEREBY FURTHER ORDERED** that the Hearing, scheduled for August 13, 2026, at 10:00 a.m. (MT), is **VACATED**.

DATED: August 7, 2026

Brent R. Wilson
U.S. Bankruptcy Judge

[4] The Court has considered Bolton Law's argument that Mr. Riadh violated Idaho Rule of Professional Conduct 3.7 by acting as a witness and an attorney. Bolton Law argues that this alleged professional conduct rule violation should justify denial of the entire request. The Court concludes this is not appropriate and declines to do so. Mr. Riadh acted exclusively as a witness in the contested matter in this bankruptcy case to detail to this Court the events that took place in the state court. He was not an advocate in the contested matter before this Court; his sole role was to act as a witness. As such, the Court does not find the argument of Bolton Law well taken, and declines to invalidate the fees the Debtor incurred and are owed to Mr. Riadh as part of the damages for the automatic stay violations.